HARVARD LAW SCHOOL LIBRARY

## NEW YORK SUPERIOR COURT.

### John Purchase agt. George W. Bellows.

In an action to recover the possession of personal property and damages for its detention, the defendant, where he succeeds in the action, cannot issue an *execution against the person* of the plaintiff.

*New York Special Term, August,* 1862.

This action was brought to recover the possession of certain personal property alleged to be wrongfully detained, and for damages. After judgment for defendant, and execution for costs returned unsatisfied, defendant issued execution against plaintiff's person for his costs, amounting to $606.

> T. Stevenson, *for plaintiff.*
> W. Wells, *for defendant.*

Robertson, Justice. The section of the Code authorizing orders of arrest, (§ 179,) contains several subdivisions. The first provides for actions for the recovery of damages in a cause of action not arising on contract; the third for actions to recover possession of personal property. One of the actions enumerated under the first subdivision is where it is for wrongfully taking, detaining or converting property. Under the third subdivision there can be no order of arrest unless the property has been assigned after suit brought, with intent that it should not be taken by the sheriff, or to deprive the plaintiff of the benefit of it. (*Mulvey* agt. *Davison,* 8 *How.,* 111.) The complaint in an action under the first subdivision would show whether the plaintiff was entitled to execution against the person, if he succeeded in his action. Under the third subdivision it would not. The intent in removing the property claimed is only to be determined by affidavits under section 178, and the order must be made before judgment, by section 183.

The amendment passed in 1862, of section 288, provides

that no execution shall issue unless an order of arrest has been served, or unless the complaint contains a statement bringing the case within section 179. In this case neither was done, and therefore the plaintiff is not subject to arrest. The law was probably the same before the amendment, and the latter may be regarded as merely declaratory. (*See Mulvey* agt. *Davison, ubi supra.*)

The execution must be set aside without costs, on the plaintiff stipulating to bring no action for the arrest.

———◆◆———

## SUPREME COURT.

