Tracy *v.* Griffin.

---

TRACY and others *vs.* GRIFFIN and VEEDER, impleaded, &c.

In an action to recover the possession of personal property unjustly detained, and damages by reason of such detention, an order of arrest may be granted, under the 3d subdivision of section 179 of the Code of Procedure, and the order may direct the defendants to be held to bail in a specific sum.

The case of *Elston* v. *Potter,* (9 *Bosw.* 686,) so far as it conflicts with these views, disapproved.

APPEAL from an order made at a special term, by Justice INGALLS, refusing to vacate an order of arrest in the following form:

[Title of cause.] "To the sheriff of the county of Albany: You are hereby required forthwith to arrest William T. Veeder and Oren H. Griffin, defendants in this action, and hold them to bail in *the sum of thirteen hundred dollars,* and to return this order to J. F. Crawford, plaintiffs' attorney, at his office in Cohoes, N. Y. on the 24th day of Dec. 1866. Dated 14th of Dec. 1866.

J. H. CLUTE, Albany Co. Judge."

The complaint is in the ordinary form of a complaint *in replevin*, for a quantity of merchandise, claimed to be worth $1238.32, and demands judgment "that the defendants may be adjudged to deliver to the plaintiffs the said goods and chattels, and to pay the plaintiffs damages for the detention thereof, besides costs, and that said goods and chattels be forthwith delivered to the plaintiffs." The summons and complaint were served on the 16th day of November, 1866, and by virtue of the replevin process one piece of goods was then taken.

*N. C. Moak*, for the appellants, defendants.

*R. W. Peckham, Jr.* for the respondents, plaintiffs.

*By the Court*, MILLER, J. This action was brought to recover the possession of personal property unjustly detained, and damages by reason of such detention. The order of arrest was made under the third subdivision of section 179 of the Code, and I am inclined to think that a case is sufficiently made out to bring it within that provision.

It is claimed that the order was irregular, because it provided for the holding of the defendants to bail in a specific sum. The Code (§ 183) provides that the order shall require the sheriff to hold the defendant to bail in a specified sum. This is quite explicit as to what the order shall contain, and is not limited to any class of cases. Standing alone, by itself it would seem to dispose of the question now made as to the validity of the order, adversely to the defendants. It is insisted, however, that it is qualified by subsequent provisions. Section 187 makes provision for the giving of bail, and enacts that "if he [the defendant] be arrested for the cause mentioned in the 3d subdivision of section 176, an undertaking shall be given, to the same effect as that provided by section 211." The effect of this enactment would appear to be to limit the operation of the order and qualify the undertaking, and instead of its being only in a sum specified, it must be in double

the value of the property, and the delivery thereof, if such delivery be adjudged, and for the payment of such sum as may for any cause be recovered against the defendant.

As section 183 only provides for a sum to be specified in the order of arrest, I do not well see how, in accordance with that section, the order can contain any thing further. It would rather appear as if the order of arrest was simply to specify the amount and the defendant was to give bail under it in accordance with sections 187 and 211, and upon tendering such bail to the sheriff, I think he would be bound to discharge the defendant from custody. It makes no difference that the complaint was not served with the order of arrest, so that the sheriff could determine what kind of an undertaking was required. He had no right to demand, and the defendants were not bound to give, any different security from what the law authorized. If the affidavits on which the order of arrest was granted did not furnish the necessary information, other sources could have been resorted to. If bail was given or taken contrary to these provisions, then of course it would not be valid, and no action could be maintained upon the bond if it was not fulfilled. The construction which I have put upon the provisions of the Code cited would, I think, give efficacy and effect to all of them, while any other interpretation would inevitably render some of them of no consequence.

The case of *Elston* v. *Potter*, (9 *Bosw.* 636,) so far as it conflicts with the views I have expresed, is not, I think, sound law.

I have examined the other objections raised, and I think that none of them are maintainable. The main question arises upon the regularity of the order of arrest, and I think the judge at special term was right in refusing to vacate it.

The order appealed from must, therefore, be affirmed, with ten dollars costs of the appeal.

[ALBANY GENERAL TERM, March 4, 1867. *Peckham, Miller* and *Hogeboom,* Justices.]