## NEW YORK COMMON PLEAS.

THOMAS WATSON, respondent agt. JOHN McGUIRE, appellant.

An *order of arrest*, cannot be granted on showing that the property has been removed or concealed by the defendant, merely. It must also be shown that such removal or concealment was *with intent* that it should not be found or taken by the sheriff, or with the intent to deprive the plaintiff of it.

*General Term, May*, 1867.

*Before* DALY, BRADY *and* CARDOZO, *Judges.*

PROCEEDINGS OF CLAIM AND DELIVERY, were instituted against the defendant.

The sheriff made return that the property had been *eloigned, removed, concealed or disposed of*, before the coming of the writ to him, so that he could not take the same.

The plaintiff made affidavit that the property was *eloigned and concealed, so that it could not be taken by the sheriff.*

On the certificate and affidavit, an order to arrest the defendant was granted, and he was apprehended and imprisoned thereupon.

A motion to vacate the order of arrest, upon the papers on which it was issued, made and denied. From that adjudication the defendant appeals.

A. H. REAVEY, *for defendant and appellant.*

*First.* The defendant not having the property when the original proceeding was instituted, the plaintiff, to entitle him to an order of arrest, should show by affidavit,

1st. That the defendant knew, or had reason to believe, that the plaintiff intended to institute an action to recover the possession of the property.

2d. That the defendant removed, concealed or disposed of the property, with the design or intent of rendering ineffectual such action.

*Second.* The papers upon which the order of arrest was granted, does not contain a single *fact* or *circumstance*, tending to establish any removal of the property by the defend-

ant ; the *terms* used are wholly and merely *conlusions ;* the word *eloigned,* means only *to carry to a distance.* Even if it be conceded that the term signified that the defendant *carried the property in question to a distance,* it would not justify the issuing of the order of arrest.

*1st.* The property was not carried away with the intent of rendering any proceeding for its possession *ineffectual ;* nor,

*2d.* With the intent that the property should not be found or taken by the sheriff. (*Jananique* agt. *De Luc,* 1 *Abb. R. N. S. p.* 419.)

*Third.* A clear case within the meaning of subdivision 3, of section 179 of the Code, is not disclosed by the papers · on which the order of arrest was granted.

*Fourth.* Not only must it appear that the defendant removed the property so that the sheriff could not find it, but that it was so removed *with the intent that it could not so be found.* What *diligence* or *search* did the sheriff make to find the property? *It does not appear he made any.* This is material.

The language of the subdivision of the section of the Code, under which the order was granted, clearly proves the plaintiff's papers in this case insufficient. It reads :

" In an action to recover the possession of personal property unjustly detained, where the property, or any part thereof, has been concealed, removed or disposed of, so that it cannot be found or taken by the sheriff, *and with the intent that it should not be so found or taken,* or with the intent to deprive the plaintiff of the benefit thereof." (*Code,* § 179, *sub.* 3.) Reference is respectfully made to 8 *How.,* 111 ; 1 *Code R., N. S.,* 212, 219 ; 1 *E. D. Smith's R.,* 256 ; 4 *Sandf. R.,* 650.

*Fifth.* It is respectfully submitted, the order appealed from should be reversed, with costs.

N. A. CHADSEY, *for plaintiff and respondent.*

*By the court,* CARDOZO, J. The action is to recover certain

personal property, and upon an affidavit and the certificate of the sheriff, that the property has been *eloigned* and concealed by the defendant, so that it could not be taken by the sheriff, an order under subdivision 3, of section 179 of the Code, was granted, to arrest the defendant. A motion to vacate the order, on the papers on which it was issued, was made and denied.

The grounds on which the motion was based, and on which we were asked to reverse the decision below, are : 1st. That no fact is stated from which the judge could conclude that the property was *eloigned* or concealed ; and, 2d. That at all events, there is no fact from which it can be inferred that such *eloigning* or concealment, was with intent that the property should not be found or taken, or with intent to deprive the plaintiff of the benefit thereof.

Perhaps the statement that property has been *eloigned*, that is, removed to a distance, may be considered as an assertion of a fact, and not being disputed in the case by any opposing affidavit, it is to be regarded as established that the defendant did remove and conceal the property. But that is not enough under the statute, to justify an order of arrest.

The statute requires before that remedy shall be allowed, that two matters shall be established, viz: 1st. That the property has been removed or concealed by the defendant ; and, 2d. That such removal or concealment was with intent that it should not be found or taken by the sheriff, or with the intent to deprive the plaintiff of it.

The former of these propositions is established, but not the latter, unless we infer it from the existence of the former, which the statute does not permit.

Both before and since the amendment of 1857, this section has been construed in accordance with these views. (*Van Neste* agt. *Conover*, 5 *How. Pr. R.* 148; *Roberts* agt. *Randall*, Id. 327 ; *Pike* agt. *Lent*, 4 *Sandf. S. C. R.* 650; *Mulvey* agt. *Davison*, 8 *How. Pr. R.* 111 ; *Reimer* agt. *Nagel*, 1 *E. D. Smith*, 258.)

To give any other construction to the statute, is practi-

cally to declare that an order of arrest may be allowed in every case where the property has either been removed or concealed.

I think the order below should be reversed.