CATHARINE JOSUEZ *against* DANIEL A. MURPHY.

(Decided February 7th, 1876.)

Where a defendant is arrested in an action of replevin, under § 179, sub. 3, of the Code of Procedure, the proper undertaking to be required from him by the sheriff is not the ordinary one, that the defendant shall at all times render himself amenable to the process of the court during the pendency of the action, and to such as may be issued to enforce the judgment therein, but he should require an undertaking in the form prescribed by § 211 of the Code on the retaking of replevined property by a defendant, viz., to the effect that the sureties are bound in double the value of the property claimed as stated in the affidavit of the plaintiff, for the delivery thereof to the plaintiff, if such delivery be adjudged, and for the payment to him of such sum as may for any cause be recovered against the defendant.

But where the order of arrest in such a case does not specifically require the sheriff to take such an undertaking, and does not by the recitals contained in it show the grounds on which it was granted, the sheriff may take an undertaking in the ordinary form, and cannot be held liable for a failure to take a different undertaking.

The decision of the general term of the Supreme Court in the Third District, in *Tracy* v. *Veeder* (35 How. Pr. 209; s. c. sub nom. *Tracy* v. *Griffin*, 50 Barb. 70), to the contrary, disapproved, and the decision of the Superior Court of the city of New York in *Elston* v. *Potter* (9 Bosw. 639), followed.

In an action against an officer (a marshal of the city of New York), for not taking a proper undertaking from a defendant taken into custody by him under an order of arrest which had been granted in an action of replevin, under § 179, sub. 3, of the Code of Procedure: *Held*, that it was necessary to show the existence of the facts conferring jurisdiction on the judge to grant the order of arrest, for the reason that, if those facts did not exist, the officer

was not obliged to execute the order at all, and could not, therefore, be held liable by the party issuing it for an improper execution of it.

APPEAL by plaintiff from a judgment of the general term of the Marine Court, affirming a judgment of that court dismissing the complaint, entered by direction of a judge of that court at trial term.

The facts are fully stated in the opinion.

*Edward P. Wilder*, for appellant.   1.  The undertaking of bail taken by defendant was clearly contrary to law, and the defendant in accepting it was guilty of suffering his prisoner to escape (Code, §§ 187, 201, 211 ; 3 Rev. Stat. 736, § 83 ; *Roberts* v. *Randel*, 3 Sandf. 707 ; *McKenzie* v. *Smith*, 27 How. Pr. 20 ; *Seymour* v. *Van Curen*, 18 Id. 95 ; *Gallarati* v. *Orser*, 27 N. Y. 325).   The only mode in which an officer can discharge from arrest is that prescribed by statute. Any other undertaking is utterly void ( *Winter* v. *Kinney*, 1 N. Y. 367, 368).

2.  The judge's position, that the order of arrest in replevin (Code, § 179, subdiv. 3) should prescribe in terms the kind of bail to be taken is erroneous.   The Code provides but one form of order of arrest for all cases, viz., to hold the defendant to bail in a specified sum (Code, § 183 ; *Tracy* v. *Veeder*, 35 How. Pr. 209, 212 ; *Tracy* v. *Griffin*, 50 Barb. 70–72 ; Crocker on Sheriffs, 2d ed. §§ 329, 345).   The case of *Elston* v. *Potter* (9 Bosw. 636), relied on by defendant as sustaining the contrary doctrine, was distinctly and *eo nomine* overruled by the later case of *Tracy* v. *Griffin* (50 Barb. 72), above cited ; while in *Sherlock* v. *Sherlock* (7 Abb. N. S. 22), the same court only held that the order may, not that it must prescribe the form of undertaking, and refused to vacate as irregular an order which did so prescribe.   In any event, this court should be guided by the decisions of the Supreme Court rather than of the Superior Court.

*Samuel G. Courtney*, for respondent.

ROBINSON, J.—The cause of action upon which plaintiff relied upon allegations in her complaint and proof adduced by

her on the trial, was the institution by her in the Marine Court, of an action against one Francis Everaert, to recover possession of certain personal property, the issuing with her summons in that action, of a requisition to the defendant, then one of the marshals of the city, directing him to take said personal property and deliver it to the plaintiff; the taking by him of part of the property; the making by him of an affidavit that part of the property, of the value of $250, "had been removed, secreted or disposed of by said Everaert, so that he (the defendant) could not take or find the same," and upon his affidavit, together with the affidavit of the plaintiff, that an order of arrest was thereafter duly granted by a justice of this court, directing the defendant, as such marshal, to arrest the said Francis Everaert, and hold him to bail. The complaint further alleged the capture of Everaert, and the taking from him, in lieu of custody of his person, of an undertaking, with but one surety, conditioned for his appearance to render himself amenable to the process of the court; the exception thereto, and the notice to defendant thereof, and his failure to cause any justification to be made; also, the adjudication of the court in that action, that such bail was not proper bail, and that defendant Murphy was liable as bail, and the complaint alleged defendant's neglect to retake said Everaert into custody; that she proceeded in the action, and recovered judgment against Everaert for the possession of all said property, and if recovery were impossible, for its assessed value at $250 and $164 30 costs; and that execution upon such judgment was returned wholly unsatisfied, and the property returned unfound. The allegations as to the institution of plaintiff's action, the issuing of the summons and requisition to the defendant; his inability to find a part of the property, and his making an affidavit to the effect stated, and the granting thereon and of the plaintiff's affidavit of the order to arrest Everaert and hold him to bail, in the terms of the allegation above quoted, were admitted by the answer. Defendant, however, in his answer, qualifiedly denies that he ever arrested Everaert on said order, or took from him such undertaking, or that he thereupon released said Everaert, but alleges that what was done in that respect was done in his absence be-

Josuez v. Murphy.

tween one Lyst, then in his place of business, and an occasional employee, and the attorneys of the respective parties in that action, prior to Everaert's surrender; but he alleges that the bonds so taken did comply with all the requirements of the order of arrest. The other allegations of the complaint are substantially denied. On the trial, the only testimony offered by plaintiff, was directed to the matters first above stated. The undertaking so taken was introduced in evidence, and was only conditioned that Everaert should render himself amenable to the process of the court during the pendency of the action, and to any such as might be issued to enforce the judgment therein. The certificate of the defendant was indorsed thereon to the effect that the defendant in that action had been held to bail by him in pursuance of the order of arrest issued to him. The judgment finally recovered against Everaert as alleged, and execution issued thereon, and its return as alleged in the complaint, were also proved. Plaintiff here rested, and defendant moved a dismissal of the complaint, on the ground of no cause of action established; that no order of arrest was produced or proven, and that the proof was inconsistent and at variance with the plaintiff's cause of action set out in the complaint. This motion was granted, and the complaint dismissed. That judgment has been affirmed by the general term of the Marine Court, and its merits are now under review. The allegation in the answer, that the undertaking was in conformity to the order of arrest, and the denial of its character or terms, as otherwise alleged in the complaint, required its production, if anything was claimed in respect to it beyond what was deducible from the admission or statement as to its terms in the answer, which was, simply, that the order of arrest was in the sum of $350, and required that Everaert should at all times hold himself amenable to the process of the court. Whatever may have been the merits of plaintiff's application in her action against Everaert for an order of arrest, the defendant in this action, as marshal, to whom it was delivered for execution, was only subjected to such duty as it specifically required. If simply to arrest the defendant, and hold him to bail in a certain sum, that duty was fulfilled on taking ordinary bail in

an undertaking that defendant "should at all times render himself amenable to the process of the court;" but if it exacted anything else, it seems clear, on principle, that such requirement should be specially indicated and made part of the order or warrant of arrest. The arrest authorized by section 179 of the Code, subdivision 3, is for the eloignment of personal property, to recover possession of which the action is brought, and for wrong done after its commencement, and the right to such arrest of a defendant, is dependent on the occurrence of the circumstances specially stated by affidavit, showing that such property, or some part thereof, "has been concealed, removed or disposed of so that it cannot be found or taken by the sheriff, and with the intent that it should not be found or taken, or with the intent to deprive the plaintiff of the benefit thereof," and the bail to be required is not that called for in cases embraced within the other subdivisions of section 179, "that the defendant shall at all times render himself amenable to the process of the court during the pendency of the action, and to such as may be issued to enforce the judgment therein," but requires security "to the effect that the sureties are bound in double the value of the property [claimed], as stated in the affidavit of the plaintiff, for the delivery thereof to the plaintiff, if such delivery be adjudged, and for the payment to him of such sum as may for any cause, be recovered against the defendant." The authority of the sheriff or marshal to arrest and detain the defendant until he shall give the proper bail, is thus entirely different, in the case provided by subdivision 3, from such as is to be exercised under the other subdivisions of § 179, and it would seem, on general principles, upon which the power to order an arrest may be issued by any officer, and the sheriff or bailiff can proceed to execute it, that the order of arrest should, on its face, disclose the grounds of the authority under which the power to issue it was to be exercised, and what specific character of bail should be exacted, and that such indication should be given by and stated in terms in the order, so that the officer executing it should have special warrant for exacting other than ordinary bail. In the conflict of authority between the general term of the Supreme Court, 3d judicial district, in *Tracy* v.

*Veeder* (35 How. 209), and *Tracy* v. *Griffin* (50 Barb. 70), and that of the Superior Court of this city, in *Elston* v. *Potter* (9 Bosw. 639), as to the necessity of the disclosure in the order of arrest, of the grounds of arrest upon which it is granted under section 179 of the Code, or the special character of bail required, if granted under subdivision 3, it appears to me that the decision of the Superior Court contains the correct principle, and ought to be followed, even when the contest is *inter partes*, and much more so in the present case, where the action is brought against the officer for improper execution of the order, when, so far as it appears, it made no reference to the section or subdivision of the Code under which it was issued, nor contained any recital, and was but a general order requiring the defendant, as such marshal, " to arrest the said Francis Everaert and hold him to bail in the sum of $350."

The judge acquired no jurisdiction to issue any such order of arrest against Everaert, unless it was shown, as before stated, on proof by affidavit, that the eloignment was " *with intent* that it (the property possession of which was sought) should not be so found or taken, or to deprive the plaintiff of the benefit thereof." This proof was a necessary jurisdictional fact to the granting of any such order ( *Watson* v. *McGuire*, 2 Daly, 219 ; *Muller* v. *Perrin*, 14 Abb. N. S. 95).

The statement of the complaint as to the contents of the affidavits upon which the order of arrest was granted (admitted by the answer), fails to show that it was upon any proof of any such wrongful " intent," nor is there in any of the admissions of the answer or proof offered by the plaintiff on the trial, any evidence that the order of arrest in any way indicated to the marshal that it was issued under subdivision 3 of section 179, or commanded or authorized him to demand bail of the special character required by section 211 of the Code.

While an officer may find a defense for his acts in executing process in existing facts which do not appear on its face, or are incorrectly stated therein, he can find none, where there is no statement of any such jurisdictional facts in the warrant or order of arrest, or accompanying affidavits, and they do not really exist ( *Bullymore* v. *Cooper*, 46 N. Y. 336), and he may well re-

fuse to execute any process which fails on its face to disclose
the authority of the court or officer issuing it, and the circum-
stances conferring jurisdiction, where it is of a *special* charac-
ter, and to be only exercised under particular circumstances.
While he may give faith and credit to such matters as may be
asserted in the process, he is not bound to assume the responsi-
bility of executing any that fails to make such disclosure, or to
execute it in any special manner not indicated on its face or
warranted by such jurisdictional facts as are therein stated.   In
the case under consideration, so far as any order existed requir-
ing the defendant to arrest Everaert, and hold him to bail in
the sum of $350, it appears he complied with that order, so far
as to exact ordinary bail with one surety, and there is a failure
of any proof of exception thereto, either for want of form in
the undertaking or in the exaction of but one surety.   The alle-
gations contained in subdivisions or paragraphs IV and V of the
complaint were denied, and no proof was offered to sustain
them.   While the judge at the trial is bound to regard the con-
siderations presented on a motion to dismiss the complaint, he
may also, of his own motion, grant such dismissal upon any con-
sideration of the case presented, when he deems it one not only
unsustained by proof, but which, from the peculiar circumstances,
is unsusceptible of support from any additional evidence that
might be supplied.   In the determination of the case made by
the judge on the trial, he correctly decided to dismiss the com-
plaint.

*First.* For want of proof of jurisdiction in the judge grant-
ing the order of arrest of Everaert, under section 179 of the
Code, to make any such order under subdivision 3 of that sec-
tion, no such "intent" as is therein specified and required to
be shown by affidavit to authorize the granting of any such
order being alleged or proven.

*Second.* For want of any specification in the order of arrest,
that it was granted under subdivision 3 of section 179, or any
direction therein that the defendant should exact the bail
specially required by section 211 of the Code ; or,

*Third.* Of any proof that defendant, as marshal, failed in
any duty required of him by a general order to arrest Everaert

and hold him to bail in the sum of $350.    The judgment appealed from should be affirmed.

DALY, Ch. J., and LARREMORE, J., concurred.

Judgment affirmed.